IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

UNITED STATES OF AMERICA

v.                                    CRIMINAL NO. 2:23-00014-01

TABATHA DEAVERS


MEMORANDUM OPINION AND ORDER


In Bluefield, on November 16, 2023, came the defendant, Tabatha Deavers, in person and by counsel, L. Thompson Price, Esquire, and came the United States by Andrew Isabell, Assistant United States Attorney, for the purpose of considering the defendant's plea of guilty to Count Two of the superseding indictment, charging her with mail fraud, in violation of Title 18, United States Code, Section 1341 and Count Ten of the superseding indictment, charging her with aggravated identity theft, in violation of Title 18, United States Code, Section 1028A.  Russell Scott, United States Probation Officer, appeared on behalf of the United States Probation Department.

The court inquired of the defendant, addressing her personally and by counsel, to determine the competency of the defendant to proceed.  The court found the defendant competent.

The Assistant United States Attorney then offered for the court's consideration and summarized the entirety of a written

plea agreement signed by both the defendant and her counsel,
which signatures the defendant and her counsel acknowledged in
court.

       The court inquired of the defendant, her counsel and
counsel for the United States as to the advantages which accrue
to the defendant and the United States by virtue of a plea of
guilty as opposed to a trial on the merits.  The court informed
the defendant of the maximum penalties to which she will be
exposed by virtue of her pleas of guilty and defendant
acknowledged her understanding of the same.

       After considering comments by counsel, the court found the
defendant's decision to enter a guilty plea to be fair to the
interests of both the defendant and the United States for the
reasons stated in court.  The court then conditionally approved
the plea agreement in the interest of the administration of
justice.

       The court next inquired as to the defendant's plea and the
defendant responded that she intended to plead guilty.  The court
explained the statutes under which this action is prosecuted and
the elements which the United States would have had to prove,
beyond a reasonable doubt, had the matter been tried.  The
Assistant United States Attorney then stated the factual basis
establishing that the defendant committed the offenses to which

she was pleading guilty.   The defendant admitted that the factual basis as stated was substantially true.

The court informed the defendant, pursuant to the requirements of Rule 11 of the Federal Rules of Criminal Procedure, of the constitutional rights she would waive by pleading guilty to Counts Two and Ten in the superseding indictment, which are felonies.   The court then determined that the defendant understood those rights.   The court advised the defendant that she could not withdraw her pleas if she was dissatisfied with the sentence rendered.

The court inquired of the defendant personally as to whether any threats or promises had been made to her to induce her to plead, whether any predictions were made regarding the sentence she might receive, and whether she had any second thoughts about entering a plea of guilty, to which questions the defendant responded in the negative.

Based upon the defendant's pleas of guilty, as well as her factual admission of guilt, the court found that there existed a factual and legal basis for the defendant's pleas of guilty.   Based upon the United States' proffer of evidence against the defendant, the court found that there also existed an independent factual basis for the defendant's pleas of guilty. The court further found that the defendant tendered her pleas of

guilty voluntarily and with a full understanding and awareness of the constitutional and other rights which she gives up by pleading guilty, and with an awareness of what the United States would have to prove against her if the case went to trial.  The court further found that the defendant had an appreciation of the consequences of her pleas and accepted the defendant's pleas of guilty to Counts Two and Ten of the superseding indictment.

Pursuant to Sentencing Guideline § 6B1.1(c), the court deferred acceptance of the plea agreement and an adjudication of guilt pending receipt of the presentence investigation report. Accordingly, the court adjudges and the defendant now stands provisionally guilty of Counts Two and Ten of the superseding indictment.

The court scheduled the disposition of this matter for March 5, 2024, at 11:00 a.m., in Charleston.  The Probation Department is directed to conduct a presentence investigation in this matter and to provide a report to this court.  Unless otherwise directed by this court, the probation officer is not to disclose the officer's sentencing recommendation to anyone except the court.

Sentencing Memoranda are NOT required.  If a party wishes to file a sentencing memorandum, that memorandum must be filed no later than TWO business days prior to the sentencing hearing.

The defendant was remanded to the custody of the United States Marshal.

The Clerk is directed to send a copy of this Memorandum Opinion and Order to counsel of record, the United States Marshal for the Southern District of West Virginia and the Probation Office of this court.

**IT IS SO ORDERED** this 17th day of November, 2023.

ENTER:

David A. Faber
Senior United States District Judge

5